UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
:
DAVID SCHACHNER, Individually and On :
Behalf Of All Others Similarly Situated, :
:
       Plaintiff,   :   Civil Action No. 21-995
:
  v.   :
            :  CLASS ACTION COMPLAINT
            :  JURY TRIAL DEMANDED
CB CONSUMER PRODUCTS, LLC dba :
  LUXOME :
:
       Defendant. :
:
---------------------------------------------------------------------x

  David Schachner ("Plaintiff") alleges, upon personal knowledge as to himself and his own acts, and upon information and belief (based on the investigation of counsel) as to all other matters, as follows:

## INTRODUCTION—SUMMARY OF VIOLATIONS

  1.  This action is about certain unfair and deceptive consumer sales practices of Defendant CB Consumer Products, LLC, dba Luxome ("CBC" or "Defendant") attendant to its advertising and sale in New York of synthetic rayon masquerading as natural bamboo fabric. Specifically, CBC is in violation of New York Law, Sections 340-350 of New York General Business Law, by reason of its advertising, in the following specific ways:

A. **Factual Misrepresentations About The Composition, Effects, Origin, And Substance Of Advertised Products**: CBC advertises and sells what it represents to be "100% Bamboo Luxury Sheets" (the "Product(s)"). Such Products contain no bamboo fiber content whatever, but rather, are made from rayon. CBC claims Product has the superior properties of real bamboo, e.g. naturally hypoallergenic, anti-bacterial and thermal regulating, which is it does not have. The Federal Trade Commission has made absolutely clear that representing rayon sourced in bamboo cellulose as "bamboo" is unfair, deceptive and illegal. *See*: "How to Avoid Bamboozling Your Customers," (FTC 2009). By reason of the foregoing, Defendant's conduct is unlawful under Sections 349-350.

B. **Failure to Disclose Country of Origin in Internet Advertising of Product**: although the Product was manufactured in China, CBC nowhere discloses Product's country of origin or that the product is imported; rather, the consumer is told that the CBC is a "USA company." By reason of the foregoing, Defendant's conduct is unlawful under afore-cited State law and under 15 U.S.C. § 70b(i) and § 68b(e); 16 C.F.R. § 303.34 and § 300.25a.

C. **Misrepresentation of Fiber Content of Advertised Products**: if a written advertisement for a textile product makes any statement about a fiber, i.e. "100% Bamboo" here, the same fiber content information is required on the label, i.e. Product's rayon content. Defendant's conduct is unlawful under 15 U.S.C. § 70b(c) and § 68b(e); 16 C.F.R. §§ 303.40, 303.41, and 303.42. See *Verrazano Trading Corporation, et al.,* 91 F.T.C. 888 (1978). New York Courts have historically followed the FTC pronouncements as to deceptive consumer sales and marketing practices: "[i]ndeed, § 349 was enacted 'to follow in the steps of the [FTC] with respect to the interpretation of deceptive acts and practices outlawed in Section 5 of the [FTC] Act.' *State by Lefkowitz* v. *Colo. State Christian Coll. of Church of Inner Power, Inc.*, 76 Misc. 2d 50, 346 N.Y.S.2d 482, 487 (N.Y. Sup. Ct. 1973)." *Braynina v. TJX Cos.,* 2016 U.S. Dist. LEXIS 131562, at *18 (S.D.N.Y. 2016).

2. Through this action, Plaintiff seeks injunctive relief, actual damages, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class as a result of Defendant's unlawful conduct.

## JURISDICTION AND VENUE

3. Claims asserted herein arise under the laws of the State of New York.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the matter in controversy, upon information and belief, exceeds $5,000,000,

exclusive of interest and costs, and this is a class action in which certain of the Class members and Defendants are citizens of different states.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because many of the acts and transactions alleged herein occurred in substantial part in this District.

## PARTIES

6. Plaintiff, David Schachner, is a resident of Queens County, New York and, thus, is a citizen of the State of New York.

7. Plaintiff is a consumer.

8. Defendant CBC is a Delaware limited liability company with principal offices located at 2275 Cole St., Birmingham, MI 48009-7073.

9. CBC, therefore, is a citizen of Delaware and Michigan for jurisdictional purposes.

10. All of Defendant's actions described in this Complaint are part of, and in furtherance of, the unlawful conduct alleged herein, and were authorized and/or done by Defendant's various officers, agents, employees, or other representatives and privies while actively engaged in the management of Defendants' affairs within the course and scope of their duties and employment, and/or with the actual, apparent, and/or ostensible authority of the Defendant.

## PRIOR FEDERAL TRADE COMMISSION PROCEEDINGS CONCERNING TEXTILE FIBER PRODUCT MISREPRESENTATIONS

11. Rayon (or viscose) is the generic name for a type of regenerated or manufactured fiber made from cellulose. Rayon fabric is manufactured by taking purified cellulose from a plant source (including Bamboo), also called a cellulose precursor, and converting it into a viscous solution by dissolving it in one or more chemicals, such as

3

sodium hydroxide. The chemical solution is then forced through spinnerets and into an acidic bath where it solidifies into fibers. The process is materially toxic to the environment according to the FTC. Rayon, fabricated from plant cellulose, is considered a "synthetic textile." *Atlantic Linen Importing Co.* v. U.S., 62 Cust. Ct. 725,727 (Cust. Ct. 2d Div. 1969).

12. Many plant sources may be used as cellulose precursors for rayon or viscose fabric, including cotton linters (short cotton fibers), wood pulp, and bamboo. Regardless of the source of the cellulose used, the manufacturing process involves the use of hazardous chemicals, and the resulting fiber is rayon and not cotton, wood, or bamboo fiber. *See* 40 C.F.R. Part 63 ("National Emissions Standards for Hazardous Air Pollutants: Cellulose Products Manufacturing").

13. Textiles can be produced from bamboo in one of two ways:

    **a.**  Real Bamboo: either by directly weaving the actual fibers of the bamboo plant into fabric, often called "bamboo fiber," "bamboo linen" or "mechanically processed bamboo," or

    **b.**  Synthetic Rayon: by deriving other materials, such as rayon or viscose from the bamboo plant source, typically by means of environmentally toxic chemicals in a process that emits hazardous pollutants. The derivative rayon or viscose fibers thus produced (herein at times "Bamboo Derivative Products"), which contain no trace of the original plant, are then used to weave fabric.

14. The Federal Trade Commission has published definitive trade rules governing fiber content representations, including the following:

    > "[w]ords, coined words, symbols or depictions, (a) which constitute or imply the name or designation of a fiber which is not present in the product . . . [ma]y *not be used in such a manner as to represent or imply that such fiber is present in the product.*" 16 C.F.R. § 303.18. Any term used in advertising, including internet advertising, that constitutes or connotes the name or presence of a textile fiber is

>     deemed to be an implication of fiber content, 16 C.F.R. § 303.40; (emphasis added)

15. In August 2009, the Federal Trade Commission announced three settlements and one administrative action against marketers improperly labeling and advertising synthetic rayon textile products as "Bamboo."  In addition to publicly announcing these cases, the Commission issued a Business Alert to marketers explaining the need to label and advertise textile products properly, and to clarify that "Bamboo" is not a proper generic fiber name for manufactured rayon textile fibers. The press release announcing the four cases and the Business Alert were disseminated widely throughout the marketplace.  *See* Exhibit 1: "How to Avoid Bamboozling Your Customers," (FTC 2009).

16. The Commission made clear as to "Bamboo" that:

    a. both manufacturers and sellers of textile fiber products must comply with the Textile Act and the Textile Rules, see H. Myerson Sons, et al., 78 F.T.C. 464 (1971); Taylor- Friedsam Co., et al., 69 F.T.C. 483 (1966); Transair, Inc., et al., 60 F.T.C. 694 (1962); and

    b. it is an unfair or  act or practice to falsely or deceptively stamp, tag, label, invoice, advertise, or otherwise identify any textile fiber product regarding the name or amount of constituent fibers contained therein, see Verrazzano Trading Corp., et al., 91 F.T.C. 888 (19 (middle column, last ); H. Myerson Sons, et al., 78 F.T.C. 464 (1971); Taylor-Friedsam Co., et al., 69 F.T.C. 483 (1966); Transair, Inc., et al., 60 F.T.C. 694 (1962). (emphasis added)

17. The FTC also made clear that the trade practice of advertising Bamboo Derivative Products as "Bamboo" is a deceptive act or practice in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).  Exhibit 1.

18. In February 2010 the FTC sent seventy-eight companies letters, warning that they may be breaking the law by selling textile products that are labeled and advertised as "bamboo," but actually are made of manufactured rayon fiber.

19. In 2013 the FTC has reaffirmed its enforcement policy that "Bamboo" used without qualification means "bamboo fiber;" and "natural" connotes to the reasonable consumer a number of qualities, including organic, unprocessed, eco-friendly, highly absorbent, mildew resistant, nontoxic, plush, and suitable for sensitive skin.  See https://www.ftc.gov/news-events/press-releases/2013/01/four-national-retailers-agree-pay-penalties-totaling-126-million.

## CBC'S BAMBOO CLAIMS

20. CBC markets, sells, and distributes consumer products via its own proprietary website (https://luxome.com) and through third-party ecommerce marketplace channels, where CBC fulfills transactions that are brokered by such third-party.  CBC advertises and offers for sale a number of rayon Products  represented in its marketing and advertising, regardless of sales channel, as "100% Bamboo," "Premium Bamboo" or simply "Bamboo" ("Bamboo Claims"). CBC does not disclose in its advertising, marketing or packaging that the Products are made of rayon despite the fact that such Products are 100% rayon and do not contain a single bamboo fiber.  CBC does not disclose in its advertisements, marketing or packaging that the Product is imported or that it is manufactured in and imported from China.

21. CBC has made and continues to make unfair, deceptive and misleading Bamboo Claims to consumers in a pervasive, nationwide, marketing scheme that confuses and misleads consumers about the true source and qualities of the Products.

22. Defendant knows that consumers such as Plaintiff value the benefits of real Bamboo and advertises the Products with the intention that consumers rely on the Bamboo Claims.

23. Most similarly-situated online retailers afford consumers clear and conspicuous Bamboo Derivative Products disclosure. Such retailers do not use the stand-alone word "Bamboo" deceptively, but rather, conspicuously disclose "viscose from bamboo," "bamboo rayon" or similar non-deceptive fabric designations.

CBC'S ADVERTISING: TOOL OF DECEPTION

24. CBC uses its own website, amazon.com and other platforms to further its integrated scheme of deception upon unsuspecting consumers.

25. CBC repeatedly misrepresents the Products as Bamboo on its proprietary website, as follows:[1]

> Our Premium Bamboo Sheet Set is 100% pure bamboo, and at 400TC is the highest thread count of any bamboo sheets ever made. Softer than 1,000 thread count Egyptian cotton, our bamboo sheets are woven for luxurious softness, optimal cooling, and extreme durability. **This four-piece set includes one fitted sheet, one flat sheet, and two pillowcases.**
>
> HIGHLIGHTS
> - 100% OEKO-TEX® certified Bamboo (not blended with cheaper fabrics)
> - 400TC - the highest bamboo thread count ever!
> - Naturally moisture-wicking & thermal-regulating to help keep you cooler in the summer & warmer in the winter
> - Silky, buttery smooth texture with sateen weave
> - Bamboo is naturally hypoallergenic, anti-bacterial & eco-friendly
> - Deeper (17") pockets for a perfect fit, every time

26. CBC misrepresents the Products as Bamboo on amazon.com as follows:[2]

---

[1] https://luxome.com/products/bamboo-sheets
[2] https://www.amazon.com/LUXOME-Bamboo-Luxury-4-Piece-Pillowcases/dp/B086D61WLQ

> LUXOME 100% Bamboo Sheet Set | Queen Size | 400tc Luxury Bamboo | White | 4-Piece Set (Fitted, Flat, 2 Pillowcases)
>
> . . . .
>
> **About this item**
> - 100% BAMBOO: Our luxury bamboo sheets are 100% Bamboo, not blended with other cheap fabrics like other brands.
>
> . . . .
>
> - COOLING & BREATHABLE: Our bamboo sheets are naturally cooling, thermal-regulating, and breathable to provide extraordinary comfort, every time.
> - USA COMPANY & SATISFACTION GUARANTEE: We are a midwestern company that LOVES our customers and pride ourselves on values, quality, and service. Try our sheets for up to 30 days and if you aren't satisfied for any reason we'll provide fast, friendly service and a full refund.

27. The above representations are false, as there is not a single bamboo fiber in any of the Products. Each online class member has purchased Bamboo Derivatives online after being exposed to Defendant's misleading advertising message, i.e. Bamboo Claims. No online purchaser was provided pre-transaction disclosure of the proper generic name for the fiber, such as rayon or viscose.

28. CBC's packaging further reinforces the deception:



29. Each class member has purchased Bamboo Derivatives online and was exposed to Defendant's misleading advertising message, *i.e.* Bamboo Claim, but did not receive a product possessing the benefits inherent in real bamboo.

PLAINTIFF'S FACTS

30. On or about November 18, 2021 plaintiff, who tries to be socially responsible, noted CBC's offering of "100% Bamboo Luxury Sheets" at http://luxome.com:



31. Plaintiff read that the sheets were anti-bacterial:



32. Plaintiff read that the sheets were pure bamboo and temperature regulating:





33. . Within days of November 18, 2020 plaintiff received his delivery and noted that CBC's packaging again represented 100% Bamboo:



34.     Plaintiff used the sheets and eventually read the material label:

11



Viscose is a term approved for use in place of "rayon." Viscose is actually a type of rayon. Originally known as artificial silk, in the late 19th century, the term "*rayon*" came into effect in 1924. The name "*viscose*" derived from the way this fiber is manufactured, i.e. *a viscous organic liquid.* See ¶13.b. *supra.*

      35.     Upon learning that viscose was rayon, a synthetic fabric manufactured in China, plaintiff was appalled with CBC's marketplace conduct and thereafter sought counsel.

36. Thus, the descriptions on CBC's online Product Page ("100% Bamboo," "Anti-bacterial" and "Temperature Regulating") were completely false, both as to what CBC stated therein (Bamboo) and what it omitted (Rayon).

37. Further investigation revealed that CBC advertises the identical product on amazon.com, practicing the same deceptions. https://www.amazon.com/LUXOME-Bamboo-Luxury-4-Piece-Pillowcases/dp/B086DBCN3P

38. Honestly advertised, comparable Amazon-branded sheets made of cotton and bamboo-derived rayon are priced at $42.94.[3] Plaintiff paid $112 for his CBC selection, a 161% premium for real bamboo sheets. Pandatex 100% bamboo viscose sheets are available for $85.99, a savings of $26 from CBC's deceptively advertised, essentially identical product.[4]

39. Plaintiff thus paid a significant premium for Bamboo, but received Bamboo Derivative, a synthetic product less desirable than cotton and other less expensive fabrics.

40. Prior to purchasing Product at issue, plaintiff read and relied upon CBC's online presentation representing Bamboo as the source material of Product, containing the benefits inherent in real bamboo.

---

[3] https://www.amazon.com/dp/B07NMNTSV1/ref=vp_d_pb_TIER4_d3_lp_B086DBCN3P_pd?_encoding=UTF8&pd_rd_i=B07NMNTSV1&pd_rd_w=gEb56&pf_rd_p=2482037c-0e6c-41b3-b0cb-39771460be9d&pf_rd_r=59TNGYHGD9E7CQMY08WH&pd_rd_r=4777c55c-9290-44c7-9aff-a517524e0a66&pd_rd_wg=UTvpN

[4] https://www.amazon.com/PANDATEX-Viscose-Cooling-Hypoallergenic-Eco-Friendly/dp/B085FW328P/ref=sr_1_3_sspa?dchild=1&keywords=Bamboo+viscose+sheets&qid=1613569672&s=home-garden&sr=1-3-spons&psc=1&spLa=ZW5jcnlwdGVkUXVhbGlmaWVyPUExVEZaS0FLU1ExWVcmZW5jcnlwdGVkSWQ9QTA0MzEyMDYyUEgzTDZTWVNNVUs2JmVuY3J5cHRlZEFkSWQ9QTA4NjUxMTExSU1NRDkzTUdGRVBKJndpZGdldE5hbWU9c3BfYXRmJmFjdGlvbj1jbGlja1JlZGlyZWN0JmRvTm90TG9nQ2xpY2s9dHJ1ZQ==

41. By being exposed to defendant's representations that the Product was in fact Bamboo, plaintiff suffered injury by being told, misinformed and deceived into thinking the Product he bought was sourced in Bamboo as opposed to Bamboo Derivative; and he was thus deprived of his statutory rights and protection to be free of unfair and deceptive sales practices and advertising.

42. Plaintiff did not receive the benefit of the bargain, *i.e.* the benefits of Bamboo, when he purchased from CBC the Bamboo Derivative Product, advertised as being Bamboo.

CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure

44. The Class members (collectively "Class") that Plaintiff seeks to represent is defined, subject to amendment, as follows:

> All persons who, in the State of New York, on or after three years prior to the commencement hereof, purchased CBC sheets online from either Defendant's or Amazon's platform.

45. Excluded from the Class are (a) Defendant, including any entity in which Defendant has a controlling interest, and its representatives, officers, directors, employees, assigns and successors; (b) any person who has suffered personal injury or is alleged to have suffered personal injury as a result of using the Product; and (c) the Judge to whom this case is assigned.

46. Numerosity/Impracticability of Joinder:  The members of the Class are so numerous that joinder of all members would be impracticable.  The proposed Class includes, at a minimum, thousands of members.  The precise number of Class members can be ascertained by

reviewing documents in Defendant's possession, custody and control or otherwise obtained through reasonable means.

47. Commonality and Predominance: There are common questions of law and fact which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, include, but are not limited to the following:

   a. Whether CBC engaged in a pattern of fraudulent, deceptive and misleading conduct targeting the public through the marketing, advertising, promotion and/or sale of the Product;

   b. whether CBC's acts and omissions violated New York General Business Law, Deceptive Acts and Practices, N.Y. Gen. Bus. Law §§ 349-50;

   c. whether CBC made material misrepresentations of fact or omitted material facts to Plaintiff and the Class regarding the marketing, promotion, advertising and sale of the Product, which material misrepresentations or omissions operated as fraud and deceit upon Plaintiff and the Class;

   d. whether CBC's false and misleading statements of fact and concealment of material facts regarding the Product were intended to deceive the public;

   e. whether CBC's acts and omissions deceived Plaintiff and the Class;

   f. whether, as a result of CBC's misconduct, Plaintiff and the Class are entitled to equitable relief and other relief, and, if so, the nature of such relief; and

   g. whether Plaintiff and the members of the Class have sustained ascertainable loss and damages as a result of CBC's acts and omissions, and the proper measure thereof.

48. Typicality: Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent. Plaintiff and all Class members have been injured by the same wrongful practices in which Defendants have engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members, and are based on the same legal theories.

49. Adequacy: Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained Class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor his attorneys have any interests which are contrary to or conflicting with the Class.

50. Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition,

CBC has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate. Plaintiff will not have any unanticipated difficulty in managing this litigation as a class action.

### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW
### (Deceptive Acts and Practices, N.Y. Gen. Bus. Law §§ 349-350 on behalf of the Class)

51. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

CBC's business acts and practices and/or omissions alleged herein constitute deceptive acts or practices under the New York General Business Law, Deceptive Acts and Practices, N.Y. Gen. Bus. Law §§ 349-50 ("NYGBL"), which were enacted to protect the consuming public from those who engage in unconscionable, deceptive or unfair acts or practices in the conduct of any consumer-oriented business, trade or commerce.

52. The practices of CBC, described throughout this Complaint, were specifically directed to consumers and violate the NYGBL for, *inter alia*, one or more of the following reasons:

    a. CBC engaged in deceptive, unfair and unconscionable commercial practices in failing to reveal material facts and information about the Product, which did, or tended to, mislead Plaintiff and the Class about facts that could not reasonably be known by them pre-transaction;

    b. CBC failed to reveal facts that were material to the transactions in light of representations of fact made in a positive manner;

17

      c.      CBC caused Plaintiff and the Class to suffer a probability of confusion and a misunderstanding of legal rights, obligations and/or remedies by and through its conduct;

      d.      CBC failed to reveal material facts to Plaintiff and Class with the intent that Plaintiff and the Class members rely upon the omission;

      e.      CBC made material representations and statements of fact to Plaintiff and the Class that resulted in Plaintiff and the Class reasonably believing the represented or suggested state of affairs to be other than what they actually were; and

      f.      CBC intended that Plaintiff and the other members of the Class rely on its misrepresentations and omissions, so that Plaintiff and other Class members would purchase the Product; and

53. Under all of the circumstances, CBC's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

54. CBC's actions impact the public interest because Plaintiff and members of the Class were injured in exactly the same way as thousands of others purchasing the Product as a result of and pursuant to CBC's generalized course of deception.

55. By committing the acts alleged in this Complaint, CBC has misled Plaintiff and the Class into purchasing the Product, in part or in whole, due to an erroneous belief that the Product was Bamboo. This is a deceptive business practice that violates NYGBL § 349. The coordinate advertising violates NYGBL § 350.

56. CBC's Bamboo Claim misled Plaintiff, and is likely in the future to mislead reasonable consumers acting reasonably under the circumstances. Had Plaintiff and other

members of the Class known of the true facts about the Product's fiber content, they would not have purchased the Product . . . and certainly not at the price paid.

57. The foregoing acts, omissions and practices set forth in connection with Defendants' violations of NYGBL § 349 and § 350 proximately caused Plaintiff and other members of the Class to suffer actual damages in the form of, *inter alia*, monies spent to purchase the Product, and are entitled to recover such damages, together with equitable and declaratory relief, appropriate damages including punitive damages, attorneys' fees and costs of suit.

58. Plaintiff and the members of the Class are entitled to not less than $50 per transaction by reason of Section 349(h), NYGBL.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against Defendant granting the following relief:

- An order certifying this case as a class action and appointing Plaintiff as Class representative and Plaintiff's counsel to represent the Class;

- Restitution and disgorgement of all amounts obtained by CBC as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations;

- All recoverable compensatory and other damages sustained by Plaintiff and the Class;

- Actual and/or statutory damages for injuries suffered by Plaintiff and the Class and in the maximum amount permitted by applicable law;

- An order (1) requiring CBC to immediately cease its wrongful conduct as set forth above; (2) enjoining CBC from continuing to misrepresent and conceal material information and conduct business via the unlawful, unfair and deceptive business acts and practices complained of herein; (3) ordering CBC to engage in a corrective advertising campaign; and (4) requiring CBC to pay to Plaintiff and all members of the Class the amounts paid for the Product;

- Statutory pre-judgment and post-judgment interest on any amounts;

- Payment of reasonable attorneys' fees and costs; and

- Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all triable issues.

Dated: Surfside, Florida
February 18, 2021

/s/Mark Schlachet_____
Mark Schlachet
Law Offices of Mark Schlachet
9511 Collins Ave., Ste 605
Surfside, FL 33154
Telephone: (216) 225-7559
Email: markschlachet@me.com

Attorney for Plaintiff David Schachner